```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

JAIME TOLL and RICHARD TOLL,

    Plaintiffs,                CIVIL NO. 14-7032(NLH)(AMD)

v.

                                      **OPINION**

STEVEN TOLL and TD BANK, N.A.,

    Defendants.

Appearances:

AMY L. SANTAMARIA
KAPLIN STEWART MELOFF RELTER & STEIN, PC
THE LIBERTYVIEW BUILDING, SUITE 310
457 HADDONFIELD ROAD
CHERRY HILL, NJ 08002
    On behalf of plaintiffs

SUSAN M. LEMING
JEFFREY R. JOHNSON
CHRISTOPHER A. REESE
BROWN & CONNERY, LLP
360 HADDON AVENUE
WESTMONT, NJ 08108
    On behalf of defendant TD Bank, N.A.

**HILLMAN**, District Judge

    Presently before the Court is the motion of defendant TD Bank, N.A. to dismiss plaintiffs' amended complaint, or in the alternative, for a more definite statement.  For the reasons expressed below, TD Bank's motion will be granted, and plaintiffs will be afforded 14 days to file a second amended complaint.

## BACKGROUND

Plaintiff Jaime Toll is a member of, and plaintiff Richard Toll is a manager of, Toll Finance, LLC, which does business as Mystic River. On June 17, 2014, Mystic River opened a business deposit bank account at TD Bank in Mt. Laurel, New Jersey and deposited $95,000 in the account. When the account was created, Mystic River appointed James J. Gallagher as the single authorized representative and signer of the account. Mr. Gallaher signed a New Business Account Agreement and executed a General Business Resolution, which provided that Mystic River's funds could only be withdrawn by an authorized agent on the account with his signature on file.

On August 27, 2014, Steven Toll, a member of Toll Finance, LLC/Mystic River, went to a TD Bank branch in Cherry Hill, New Jersey and requested to be added to the Mystic River bank account as an authorized representative, signer, and business agent. Plaintiffs claim that Steven Toll did this unilaterally and without their knowledge. Plaintiffs also claim that TD Bank violated Mystic River's direct and specific instructions by allowing Steven Toll to be added to the account.

On September 2, 2014, Steven Toll visited three TD Bank branches between 2:54pm and 4:00pm, and he withdrew $43,000.00

2

at a Marlton branch, $34,000.00 at a Mt. Laurel branch, and the remaining funds, plus overdraft, at a Cherry Hill branch.

Jaime Toll claims that when she and Mr. Gallagher learned about Steven Toll's emptying of the Mystic River bank account, they contacted TD Bank, but TD Bank refused to discuss the matter.  They also attempted to contact Steven Toll, demanding that he return the money.  Richard Toll reported Steven Toll's actions to the Evesham Police Department.  On October 2, 2014, Mystic River made a formal demand upon TD Bank to return the $95,000.00 that was improperly withdrawn from its account. Neither TD Bank nor Steven Toll has returned Mystic River's money, and because of this, Mystic River has been unable to conduct its business since September 2014.

Pursuant to N.J.S.A. 42:2C-68, Jaime Toll has brought a derivative action on behalf of Mystic River against TD Bank for violation of the Uniform Commercial Code, breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and tortious interference with prospective economic advantage, which is also asserted against Steven Toll.  Jaime Toll and Richard Toll have asserted claims against Steven Toll

3

for breach of fiduciary duty, conversion, and fraud.[1]

Defendant TD Bank filed a motion to dismiss plaintiffs' original complaint. (Docket No. 8.) Plaintiffs filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) (Docket No. 13), which mooted TD Bank's motion. TD Bank has now filed a motion to dismiss plaintiffs' amended complaint. Plaintiffs have opposed TD Bank's motion. Steven Toll has not yet appeared in the action.[2]

---

[1] N.J.S.A. 42:2C-68 provides:

> A member may maintain a derivative action to enforce a right of a limited liability company if:
>
> a. the member first makes a demand on the other members in a member-managed limited liability company, or the managers of a manager-managed limited liability company, requesting that they cause the company to bring an action to enforce the right, and the managers or other members do not bring the action within a reasonable time; or
>
> b. A demand under subsection a. of this section would be futile.

Jaime Toll claims, indisputably, that a demand upon Steven Toll to allow the company to bring an action against him for the return of the $95,000 would be futile.

[2] Plaintiffs have filed an Affidavit of Diligent Inquiry and Alternative Service by Publication (Docket No. 19), which details their attempts to serve Steven Toll with the original and amended complaint. It appears that Steven Toll has evaded service up to this point.

**DISCUSSION**

 **A.** **Jurisdiction**

 This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Plaintiff Jaime Toll is a citizen of California, plaintiff Richard Toll is a citizen of New Jersey, defendant TD Bank is a citizen of Delaware (state of incorporation and principal place of business are both Delaware), and defendant Steven Toll is a citizen of Pennsylvania. Toll Finance LLC d/b/a Mystic River LLC is not a party; Jaime Toll, as a member of the entity, is maintaining a derivative action on behalf of Mystic River.[3]

---

[3] If Toll Finance LLC d/b/a Mystic River LLC were a named plaintiff, diversity of citizenship would be lacking because the citizenship of an LLC is determined from the citizenship of each of its members, Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010), and Steven Toll's citizenship would be accounted for on both sides of the "v", thus destroying diversity. Pursuant to the principles articulated by the Third Circuit in HB General Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1188 (3d Cir. 1996), however, it appears that because the averments in the amended complaint show that Jaime Toll and Steven Toll are the only two members of Toll Finance LLC d/b/a Mystic River LLC, the presence of Toll Finance LLC d/b/a Mystic River LLC is not necessary, and subject matter jurisdiction under 28 U.S.C. 1332(a) is properly established. (See, e.g., Amend. Compl. ¶¶ 95-100, "Defendant Steven Toll, by virtue of being a member of Mystic River, owed a fiduciary duty to Mystic

B.   **Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon

---

River and to the other member of Mystic River, his sister, Plaintiff Jaime Toll"[])(emphasis added).  If Toll Finance, LLC has more members than Jaime and Steven Toll the parties shall promptly advise the Court.

which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"

7

Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,

181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

    **C.  Analysis**

TD Bank has moved to dismiss plaintiffs' claims against it, arguing that plaintiffs' UCC claim preempts their common law claims against it, and that their UCC claim is insufficiently pleaded because it does not specify any provision that TD Bank allegedly violated.  In response, plaintiffs argue that their UCC claim is properly pleaded, and that it does not automatically preempt their common law claims.[4]

Addressing the preemption argument first, it is clear as a general principle that at the pleading stage, the maintenance of

---

[4] Only Jaime Toll, as a member of Mystic River bringing claims on Mystic River's behalf, has asserted claims against TD Bank.  The Court will refer, however, to "plaintiffs" generally for ease of reference.

a claim based on a violation of the UCC does not preclude a plaintiff from also asserting common law claims.[5]  The New Jersey Supreme Court and the Third Circuit Court of Appeals have both recognized that "[n]otwithstanding its expansive language, 'the UCC does not purport to preempt the entire body of law affecting the rights and obligations of parties to a commercial transaction.'"  ADS Associates Group, Inc. v. Oritani Sav. Bank, 99 A.3d 345, 357 (N.J. 2014) (quoting N.J. Bank, N.A. v. Bradford Sec. Operations, Inc., 690 F.2d 339, 345 (3d Cir. 1982)) (citing N.J.S.A. 12A:1-103(b), "Unless displaced by the particular provisions of the [UCC], the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, and other validating or invalidating cause supplement its provisions.")).  Thus, simply because plaintiffs here have asserted a claim against TD Bank based on the UCC, their claims against TD Bank based on the common law are not instantly dismissible.

That general principle does not, however, end the inquiry into the whether all of plaintiffs' claims may be maintained

---

[5] The UCC is codified in New Jersey under N.J.S.A. 12A:1-103.

against TD Bank.  A plaintiff is not prevented from asserting a common law cause of action in addition to a UCC violation claim "except insofar as reliance on the common law would thwart the purposes of the UCC."  Id. (quoting N.J. Bank, 690 F.2d at 345-46).  The issue concerning the pleading sufficiency of plaintiffs' UCC claim prevents the Court from determining which, if any, common law claims may proceed in tandem with plaintiffs' UCC claim so that they do not thwart the UCC's purpose of "simplifying and clarifying the law governing commercial transactions, fostering the expansion of commercial practices, and standardizing the laws of the various jurisdictions."  See N.J. Bank, 690 F.2d at 346.

Plaintiffs' UCC claim against TD Bank alleges that "TD Bank acted in violation of the Uniform Commercial Code by virtue of its actions in allowing money to be withdrawn from the bank account of Mystic River without the signature of an authorized representative, singer or agent of Mystic River."  (Amend. Compl. ¶ 53.)  Plaintiffs' claim does not state which provision of the UCC, which spans twelve chapters and four book volumes, that TD Bank allegedly violated.  This is important, because, for example, if plaintiffs intended to allege violations of Articles 3 and 4, courts have held that certain common law

11

claims can contravene the purpose of those provisions. See <u>ADS Associates Group</u>, 99 A.3d 345, 363 (finding that Article 4A preempted common law negligence claim when bank permitted the transfer of funds from one account to another because no special relationship existed between plaintiff and the bank which would support a common law negligence claim); <u>City Check Cashing Inc. v. Mfrs. Hanover Trust Co.</u>, 764 A.2d 411, 418 (N.J. 2001) ("In short, in the check collection arena, unless the facts establish a special relationship between the parties created by agreement, undertaking or contact, that gives rise to a duty, the sole remedies available are those provided in the Code."); cf. <u>Girard Bank v. Mount Holly State Bank</u>, 474 F. Supp. 1225, 1240 (D.N.J. 1979) (allowing common law negligence claim to proceed along with claims for violations of Articles 3 and 4 of the UCC, but only for types of negligence not covered directly by the UCC). Here, not only does plaintiffs' UCC claim against TD Bank fail to satisfy the <u>Twombly/Iqbal</u> pleading standard because it does not specify their entitlement to relief under the UCC, it also fails to permit the Court to ultimately determine whether their common law claims against TD bank are maintainable.[6]

---

[6] It is important to point out that the determination of whether a plaintiff's common law claims are displaced by the remedies provided under the UCC is often made after the discovery process

12

Even though plaintiffs' UCC claim must be dismissed for insufficient pleading, the Court will allow plaintiffs the opportunity to provide TD Bank with the "more definite statement" it requested as alternative relief to its motion to dismiss.  Federal Civil Procedure Rule 12(e) provides, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."  Accordingly, the Court will grant TD Bank's motion to dismiss, and provide plaintiffs with 14 days to file a second amended complaint.  The

---

so that the relationship between the parties and the circumstances of the alleged violations can be assessed in consideration of the purpose of the UCC.  Moreover, as pointed out by several courts, common law claims are not barred for certain conduct where the UCC does not provide a comprehensive remedy.  See Universal Premium v. York Bank & Trust Co., 69 F.3d 695, 704 (3d Cir. 1995) (holding that where section 3-405 does not apply, a party is free to bring a negligence action); Girard Bank v. Mount Holly State Bank, 474 F. Supp. 1225, 1240 (D.N.J. 1979).

amended pleading shall specify the UCC provisions that TD Bank allegedly violated, and plaintiffs are directed to consider, when surveying the relevant case law, whether any of their common law claims against TD Bank are displaced by the UCC.

    An appropriate Order will be entered.


Date: July 2, 2015                  s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.